IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-1385-WJM-MEH

AMERICA'S HOME RETENTION SERVICES, *et al.*

    Plaintiffs,

v.

CASTLE, STAWIARSKI, LLC,
MR. LAWRENCE E. CASTLE,
GOVERNMENT TECHNOLOGY SYSTEMS (GTS),
ROBERT J. HOPP & ASSOCIATES LLC.,
MR. GARY GLENN,
ENTRAVISION/UNIVISION KCEC-TV,
CBS 4 NEWS KCNC-TV, and
DENVER DISTRICT ATTORNEY

    Defendants.

## ORDER DENYING ANY REQUEST FOR TEMPORARY RESTRAINING ORDER AND REFERRING MOTION FOR PRELIMINARY INJUNCTION TO MAGISTRATE JUDGE

Plaintiff America's Home Retention Services, Inc. brings this action on behalf of 135 John Doe Plaintiffs alleging that Defendants violated the Doe Plaintiffs constitutional rights. (Compl. (ECF No. 1) pp. 25-32.) This matter is before the Court on Plaintiff's Emergency Motion for Preliminary Injunctive Relief (the "Motion"). (ECF No. 3.) In the Motion, Plaintiff asks the Court to "prevent and enjoin" Defendants and other entities from "current and further foreclosures, evictions and to re-instate possession to homeowners/occupants of listed . . . properties." (ECF No. 3 at 10-11.) Plaintiff also asks that the Court enjoin any further foreclosures until "Quiet Title

judgment is rendered" on each of the 135 Doe Plaintiffs' properties. (*Id*. at 11.)

Plaintiff's Motion is titled an Emergency Motion for Preliminary Injunction. (ECF No. 3.) To the extent Plaintiff intended the term "Emergency" to indicate a request for a temporary restraining order, such request is denied. Federal Rule of Civil Procedure 65(b)(1) governs requests for temporary restraining orders and provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff's Motion contains no allegation of an immediate injury, loss or damage; no specific details are provided as to when any foreclosure or eviction may occur. Additionally, Plaintiff has utterly failed to comply with the requirement that he certify any efforts made to give notice to Defendants. Fed. R. Civ. P. 65(b)(1)(B); D.COLO.LCivR 65.1(A). Finally, Plaintiff has failed to comply with Local Rule 65.1(C), which requires submission of an information sheet at the time a request for temporary restraining order is filed with the Court. For all of these reasons, the Court denies any request for a temporary restraining order contained in the Motion.

Plaintiff's Motion is more properly construed as it is titled, as a Motion for Preliminary Injunction. Under Federal Rule of Civil Procedure 65(a)(1), the Court may grant injunctive relief only after notice to the adverse party. Accordingly, the Court

cannot act on Plaintiff's Motion for Preliminary Injunction until all Defendants have been served and have had an opportunity to be heard on the merits.  The Court will refer Plaintiff's Motion for Preliminary Injunction to the assigned U.S. Magistrate Judge to set any appropriate briefing schedule and/or other proceedings, and to issue a recommended decision on the Motion.

In accordance with the foregoing, the Court ORDERS as follows:

(1)     To the extent Plaintiff's Emergency Motion for Preliminary Injunction (ECF No. 3) can be construed as a motion for a temporary restraining order, the Motion is DENIED;

(2)     Plaintiff's Emergency Motion for Preliminary Injunction is REFERRED to the assigned U.S. Magistrate Judge.

Dated this 30th day of May, 2012.

BY THE COURT:

William J. Martinez
United States District Judge