### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Action No. 12-cv-1385-WJM-MEH

AMERICA'S HOME RETENTION SERVICES, *et al.*

    Plaintiffs,

v.

CASTLE, STAWIARSKI, LLC,
MR. LAWRENCE E. CASTLE,
GOVERNMENT TECHNOLOGY SYSTEMS (GTS),
ROBERT J. HOPP & ASSOCIATES LLC.,
MR. GARY GLENN,
ENTRAVISION/UNIVISION KCEC-TV,
CBS 4 NEWS KCNC-TV, and
DENVER DISTRICT ATTORNEY

    Defendants.

---

### ORDER DISMISSING THE CLAIMS OF ALFONSO CARRILLO, REQUIRING AMERICA'S HOME RETENTION SERVICES, INC. TO LOCATE COUNSEL, AND REQUIRING THE JUAN DOE PLAINTIFFS TO ENTER THEIR OWN APPEARANCES OR RETAIN COUNSEL

---

On May 29, 2012, a Complaint was filed in this Court by Alfonso A. Carrillo in his capacity as President of America's Home Retention Services. (Compl. (ECF No. 2) p. 33.) The Complaint states that the Plaintiff is "America's Home Retention Services, Inc." and that Alfonso Carrillo is this corporation's "duly authorized officer", "Owner", and "President". (*Id*. at 1.) The Complaint also states that it is brought by Alfonso Carrillo "as Trustee for all unnamed listed homeowners Juan Doe 1 thru Juan Doe 135". (*Id*. at 1.) Attached to the Complaint is a spreadsheet listing 166 Juan Doe Plaintiffs, along with the addresses of their properties, the city and county in which each property is

located, financial information about each property, and which Defendant was involved with each Doe Plaintiff's property.  (*Id.* at 35-40.)

The Complaint contains a number of deficiencies that must be addressed before the Court can allow it to proceed.  The Court will address these issues in turn below.

**A.      America's Home Retention Services, Inc.**

Mr. Carrillo purports to be representing America's Home Retention Services, Inc. based on his status as the corporation's "duly authorized officer", "Owner", and "President". (Compl. at 1.)  However, a corporation can appear in court only through a licensed attorney.  A non-attorney corporate officer may not represent the corporation in court proceedings.  *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").  Mr. Carrillo is not an attorney and is not authorized to practice law in this District or the State of Colorado.  Therefore, he cannot represent America's Home Retention Services, Inc. in this action.

Because it is possible that America's Home Retention Services, Inc. was unaware of this rule, the Court will permit it the opportunity to locate counsel to represent it in this matter.  If no attorney has entered an appearance on behalf of Plaintiff America's Home Retention Services, Inc. by June 22, 2012, the Court will dismiss the corporation's claims.

**B.      Juan Doe Plaintiffs 1–166**

Mr. Carrillo also purports to represent the 166 Juan Doe Plaintiffs as their "Trustee". (Compl. at 1.) The Complaint states that: "Plaintiff Carrillo, appointed as Trustee and agent for dozens of homeowners and victims have been given authority to interplead their cause through this action." (*Id*. at 4.) Federal law provides that an individual such as Mr. Carrillo "may plead and conduct their own cases personally or by counsel". 28 U.S.C. § 1654. However, a non-attorney cannot represent the interests of another individual in federal court. *Lyons v. Zavaras*, 308 F. App'x 252 (10th Cir. 2009) ("a pro se litigant may not represent other pro se litigants in federal court."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (a pro se litigant may only bring his own claims because "the competence of a layman is clearly too limited to allow him to risk the rights of others."). The fact that Mr. Carrillo alleges that he is the "Trustee" for the Juan Doe Plaintiffs does not change this analysis. *C.f., Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (special relationship between parent and child did not permit parent to bring suit on behalf of child absent the participation of an attorney).

Because Mr. Carrillo is not an attorney, he cannot bring the claims of the Juan Doe Plaintiffs in this action. Each Juan Doe Plaintiff must either enter his or her own personal appearance and represent their own interests or must retain an attorney to represent their interests. The Juan Doe Plaintiffs are hereby on notice that the Court will dismiss the claim of any Juan Doe Plaintiff that has not either entered an appearance on their own behalf or had an attorney enter an appearance on their behalf

by June 22, 2012.

**C.     Claims Brought By Mr. Carrillo on His Own Behalf**

As previously stated, because Mr. Carrillo is not an attorney, he can only represent himself in this action. Moreover, he can only brings claims related to his own injuries. "The prudential standing doctrine encompasses various limitations, including the general prohibition on a litigant's raising another person's legal rights. The plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal right or interests of third parties." *Wilderness Soc'y v. Kane Cnty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) (internal quotation and citation omitted). The Complaint is replete with alleged wrongs that occurred to other individuals. However, the Court cannot permit Mr. Carrillo to base any of his claims on wrongs that were perpetrated against anyone other than himself.

The Court has reviewed the Complaint and the only allegations that involve Mr. Carrillo personally relate to an ongoing criminal prosecution in the Denver District Court. (Compl. ¶¶ 5.4.8(C), (E), (K), (L), (M), (N), (S) & (T); 5.5.9; 5.5.10; 6.3.2; 6.4.2; 6.4.3; 6.5.3.) Mr. Carrillo alleges that the Denver District Attorney acted in bad faith by bringing this prosecution and that his constitutional rights have been violated in various ways throughout the course of the prosecution. (*Id.*) The Complaint alleges that the criminal prosecution against Mr. Carrillo is ongoing and asks that the United States Attorney for the District of Colorado take over the criminal investigation and prosecution. (*Id*. at 33.)

A federal court cannot generally interfere with an ongoing state criminal

prosecution.  *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004).  Under what is commonly referred to as the *Younger* doctrine, a federal court must abstain from hearing a case when: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

      Based on Mr. Carrillo's allegations in the Complaint, it appears he is the subject of an active criminal prosecution brought by the Denver District Attorney's Office.  There is no allegation that the Denver District Court is incapable of affording Mr. Carrillo an adequate forum to adjudicate the claims he has raised here.  Moreover, the charges involved in Mr. Carrillo's criminal prosecution are based in Colorado state law, which the State of Colorado has an important interest in enforcing.  Because all three of the *Younger* requirement are present here, the Court therefore finds that it must abstain from hearing any claim related to Mr. Carrillo's ongoing state criminal prosecution.

      The Court notes that it raises these issues *sua sponte* and that Mr. Carrillo has not had an opportunity to be heard on the dismissal of his claims.  However, Tenth Circuit law is clear that the Court may raise *Younger* abstention *sua sponte*.  *Sanchez v. Wells Fargo Bank, N.A.*, 307 F. App'x 155, 158 (10th Cir. 2009).  Moreover, the Court may dismiss Mr. Carrillo's claims without granting him leave to amend because the Court finds that amendment would be futile.  *See Curley v. Perry*, 236 F.3d 1278, 1283

(10th Cir. 2001).

Accordingly, the Court dismisses without prejudice Mr. Carrillo's claims related to his ongoing state criminal prosecution. As these were the only claims in the Complaint brought by Mr. Carrillo on his own behalf, Mr. Carillo is dismissed as a party-Plaintiff from this action.

**D.     Conclusion**

For the reasons set forth above, the Court ORDERS as follows:

1. America's Home Retention Services, Inc. must retain an attorney to prosecute this action on its behalf not later than June 22, 2012 or its claims will be dismissed;

2. By June 22, 2012, all Juan Doe Plaintiffs must either enter an appearance on their own behalf or retain an attorney to enter an appearance on their behalf. Failure to comply with this Order will result in dismissal of their claims;

3. Plaintiff Alfonso Carrillo's claims are DISMISSED WITHOUT PREJUDICE based on *Younger v. Harris*, 401 U.S. 37 (1971); and

4. Alfonso Carrillo is DISMISSED as a party-Plaintiff from this action.

Dated this 31st day of May, 2012.

BY THE COURT:

William J. Martinez
United States District Judge