**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1385-WJM-MEH

AMERICA'S HOME RETENTION SERVICES,
JOSE OROZCO,

      Plaintiffs,

v.

CASTLE, STAWIARSKI, LLC,
MR. LAWRENCE E. CASTLE,
GOVERNENT TECHNOLOGY SYSTEMS (GTS),
ROBERT J. HOPP & ASSOCIATES LLC.,
MR. GARY GLENN,
ENTRAVISION/UNIVISION KCEC-TV,
CBS 4 NEWS KCNC-TV, and
DENVER DISTRICT ATTORNEY

      Defendants.

---

**ORDER DENYING ANY REQUEST FOR TEMPORARY RESTRAINING
ORDER AND REFERRING VERIFIED EMERGENCY MOTION FOR
PRELIMINARY INJUNCTION TO MAGISTRATE JUDGE**

---

This case was originally filed by Alfonso Carrillo, as President of America's

Home Retention Services, Inc., and on behalf of 135 Juan Doe Plaintiffs.  (Compl. (ECF

No. 1) pp. 25-32.)  On May 31, 2012, the Court issued an Order to Show Cause stating

that, because Carrillo is not an attorney, he may not represent the Juan Doe Plaintiffs.

(ECF No. 9.)  The Court ordered the Juan Doe Plaintiffs to obtain an attorney or file an

appearance on their own behalf or warned that their claims would be dismissed.  (*Id*.)

On June 6, 2012, Jose Orozco filed a Notice of Appearance stating that he was

Juan Doe 32 and that he wanted to represent himself in these proceedings.  (ECF No.

12.)  In the same filing, Orozco requests a "Verified Emergency Motion for Preliminary

Injunctive Relief" ("Motion") seeking an order enjoining Defendants and other "Actors"

from

> conducting any further foreclosure or eviction process
> against myself and my family Plaintiffs, and/or for an
> alternate Order to Vacate or Withdraw any pending
> execution against me . . . until it has been determined that
> they are the Right party to bring any foreclosure or eviction
> action and that the documents and process used to obtain
> such alleged rights to foreclose and conduct an eviction from
> my home have been proven constitutional and legal.

(*Id.*)

To the extent Orozco intended the term "Emergency" to indicate a request for a

temporary restraining order, such request is denied.  Federal Rule of Civil Procedure

65(b)(1) governs requests for temporary restraining orders and provides:

> The court may issue a temporary restraining order without written or oral
> notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that
> immediate and irreparable injury, loss, or damage will result to the movant
> before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give
> notice and the reasons why it should not be required.

Orozco's Motion contains no allegation of an immediate injury, loss or damage.

Although he attaches documents showing that Federal National Mortgage Association

(who is not named as a Defendant in this case) has obtain a Writ of Restitution against

him and his property, he does not allege that there has been any attempt to execute the

Writ, much less that such execution is imminent.  Additionally, Orozco has utterly failed

to comply with the requirement that he certify any efforts made to give notice to

Defendants.  Fed. R. Civ. P. 65(b)(1)(B); D.COLO.LCivR 65.1(A).  Finally, Orozco has

failed to comply with Local Rule 65.1(C), which requires submission of an information

sheet at the time a request for temporary restraining order is filed with the Court.  For all

of these reasons, the Court denies any request for a temporary restraining order

contained in the Motion.

Plaintiff's Motion is more properly construed as it is titled, as a Motion for

Preliminary Injunctive Relief.  Under Federal Rule of Civil Procedure 65(a)(1), the Court

may grant injunctive relief only after notice to the adverse party.  Accordingly, the Court

cannot act on Orozco's Motion for Preliminary Injunctive Relief until all Defendants have

been served and have had an opportunity to be heard on the merits.  The Court will

refer Orozco's Motion for Preliminary Injunction to the assigned U.S. Magistrate Judge

to set any appropriate briefing schedule and/or other proceedings, and to issue a

recommended decision on the Motion.

In accordance with the foregoing, the Court ORDERS as follows:

1.    To the extent Orozco's Emergency Motion for Preliminary Injunctive Relief (ECF

No. 12) can be construed as a motion for a temporary restraining order, the

Motion is DENIED;

2.    Plaintiff's Emergency Motion for Preliminary Injunctive Relief (ECF No. 12) is

REFERRED to the assigned U.S. Magistrate Judge.

Dated this 11th day of June, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge