IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-1385-WJM-MEH

AMERICA'S HOME RETENTION SERVICES,
JOSE OROZCO,

    Plaintiffs,

v.

CASTLE, STAWIARSKI, LLC,
MR. LAWRENCE E. CASTLE,
GOVERNENT TECHNOLOGY SYSTEMS (GTS),
ROBERT J. HOPP & ASSOCIATES LLC.,
MR. GARY GLENN,
ENTRAVISION/UNIVISION KCEC-TV,
CBS 4 NEWS KCNC-TV, and
DENVER DISTRICT ATTORNEY

    Defendants.

---

**ORDER DENYING PLAINTIFF OROZCO'S EMERGENCY MOTION
FOR SUMMARY PRELIMINARY RELIEF**

---

On June 11, 2012, Plaintiff Jose Orozco filed an Emergency Motion for Summary Preliminary Relief ("Motion") asking the Court to enjoin his eviction from the premises of 15660 Imboden Rd. (ECF No. 15.) Attached to the Motion is a notice from the Adams County Sheriff's Office stating that the eviction would occur at noon on June 11, 2012. (ECF No. 15 at 7.) Based on this attachment, the Court questioned whether the relief sought in the Motion was moot and ordered Orozco to show cause as to why his Motion should not be denied. (ECF No. 16.) In response to the Court's Order to Show Cause, Orozco submitted a filing stating that, as of June 13, 2012, he had not been evicted.

(ECF No. 17.) He alleges that the Adams Sheriff Department informed him that the eviction would take place at any time during the next ten days. (*Id.*) Based on Orozco's response, it appears that the Motion is not moot and the Court's Order to Show Cause is discharged.

The Court therefore turns to the merits of the relief requested in the Motion. The Motion asks the Court to "vacate or withdraw any pending imminent execution against Plaintiff Orozco and his family". (ECF No. 15 at 4.) From the documents filed in connection with the Motion, it appears that the Adams County Sheriff's Department is the entity scheduled to conduct the eviction. (*Id.* at 7; ECF No. 17.) Nothing in the record presently before the Court shows that any of the named Defendants are involved with the scheduled eviction. Therefore, Orozco appears to seek an order from the Court preventing the Adams County Sheriff's Department from executing the eviction of Orozco's property.

In the current posture of this case, the Court lacks the power to enter the order that Orozco requests. The Court's orders are binding on only those individuals or entities that are actual parties to the action before it.[1] *See* Fed. R. Civ. P. 65(d)(2); *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996) ("Courts do not write legislation for members of the public at large; they frame decrees and judgments binding on the parties before them."). The Adams

---

[1] This includes any "officers, agents, servants, employees, and attorneys" of the parties to the action, as well as "other person who are in active concert or participation with" any party or agent thereof. Fed. R. Civ. P. 65(d)(2).

County Sheriff's Department is not named as a Defendant in the Complaint. (ECF No. 2.) Nor is there any allegation that the Adams County Sheriff's Department is acting in active concert or participation with any of the Defendants. Because Adams County Sheriff's Department is not a party to this action, if the Court were to issue an order that directed it to stop and/or vacate the planned eviction, the Order would have no legal force and effect. The Court only has the authority to issue orders against entities and individuals over which or over whom the Court has personal jurisdiction—that is, entities which have been properly made parties to this action.

If Plaintiff Orozco wishes to renew his request for injunctive relief against Adams County Sheriff's Department, he must first amend his Complaint and add Adams County Sheriff's Department as a Defendant. Additionally, both the Federal Rules of Civil Procedure and this Court's Local Rules require that a party seeking a temporary restraining order make a good faith effort to notify the party against whom the order is sought. See Fed. R. Civ. P. 65(b); D.C.Colo.LCivR 65.1. Thus, before Plaintiff Orozco may seek any additional injunctive relief against Adams County Sheriff's Department, he must show that he made a good faith effort to notify the Adams County Sheriff's Department of this action and, more specifically, of the fact that he is filing a motion with this Court to enjoin his eviction from 15660 Imboden Rd.

For the reasons set forth above, the Court ORDERS as follows:

1. The Court's Jun 13, 2012 Order to Show Cause (ECF No. 16) is DISCHARGED; and

2. Plaintiff Jose Orozco's Emergency Motion for Preliminary Injunctive Relief is DENIED without prejudice.

Dated this 14th day of June, 2012.

BY THE COURT:

William J. Martínez
United States District Judge