IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01385-WJM-MEH

AMERICA'S HOME RETENTION SERVICES, and
JUAN DOE 1 THROUGH JUAN DOE 166,

    Plaintiffs,

v.

CASTLE, STAWIARSKI, LLC,
LAWRENCE E. CASTLE,
GOVERNMENT TECHNOLOGY SYSTEMS, (GTS),
ROBERT J. HOPP & ASSOCIATES LLC,
GARY GLENN,
ENTRAVISION/UNIVISION KCEC-TV,
CBS 4 NEWS KCNC-TV,
DENVER DISTRICT ATTORNEY, and
ROBERT J. HOPP,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on June 28, 2012.**

    Pending before the Court is Plaintiff Jose Orozco's "Verified Amend [sic] to Complaint and Emergency Motion for Preliminary Injunctive Relief" [filed June 20, 2012; docket #19] filed by Plaintiff Jose Orozco (hereinafter "Plaintiff"). Plaintiff's motion appears to request two forms of relief: (1) leave to amend Plaintiffs' pleadings to add the Adams County Sheriff Department as a defendant; and (2) a preliminary injunction against the Adams County Sheriff Department. The Court suspects that Judge Martinez's June 14, 2012 Order prompted Plaintiff's first request, as it instructs Plaintiff that the Court will not consider a renewed request for injunctive relief against the Adams County Sheriff's Department unless Plaintiff amends his Complaint to add the entity as a defendant. (Docket #18, 3.)

    Plaintiff's request for a preliminary injunction against the Adams County Sheriff Department is **denied without prejudice**, as Plaintiffs have not yet filed a proper amended complaint naming the Adams County Sheriff Department as a defendant. (*See* docket #18.) The Court declines to construe the instant motion as an amended pleading because it is labeled as a motion and does not contain a complete statement of Plaintiffs' claims.

    Second, Pursuant to Fed. R. Civ. P. 15(a)(1)(A), a party may amend its pleading once as a matter of course within 21 days after serving it. Because Defendants in this case have not been served, Plaintiffs need not seek leave of court to file an amended complaint. Therefore, with respect

2

to Plaintiff's request for leave to amend, the motion is **denied as moot**. Plaintiffs may file an amended complaint in accordance with Fed. R. Civ. P. 15(a)(1)(A) and all other federal and local rules. In so doing, Plaintiffs shall include as parties all persons who have recently entered their appearances in this action. (*See* dockets ##22-48.) However, the Court reminds Plaintiffs that *pro se* persons are not authorized to represent one another, and that every pleading or motion filed in this action must be personally signed by each party in accordance with Fed. R. Civ. P. 11(a) unless or until counsel enters an appearance on his or her behalf.

For the reasons described above, Plaintiff's motion is **denied without prejudice in part**, and **denied as moot in part**.