**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1385-WJM-MEH

AMERICA'S HOME RETENTION SERVICES,
JOSE OROZCO,
AGUSTIN TELLES,
JAIME RODRIGUEZ,
RAMON P. CHAVEZ,
MARIA DEL REFUGIO PASTRANA,
MARIA SARMIENTO,
LUIS GUTIERREZ,
MARTHA ESQUIVEL GONZALEZ,
RAYMUNDO CASTILLO,
ANA L. CARRILLO-VENEGAS,
JESUS GABRIEL ALCANTAR,
GABRIELA VENEGAS,
MARIA DEL ROSARIO URENA,
SONIA LOPEZ,
CONSUELO SIMENTAL,
SERGIO SARMIENTO,
JORGE RAMIREZ,
LEOPOLDO RAMIREZ,
GONZALO PEREZ,
DANIEL OLIVAS,
ALVARO NUNEZ,
NORA G. GONZALEZ,
ELVA TERESA MONGE,
MARTHA VELIA DE MASCORRO,
CANDELARIO MASCORRO,
SERGIO HERNANDEZ,
LUIS FIGUEROA,
MARIA ELENA CARRILLO,
ALFONSO A. CARRILLO,
SELVIN J. CARDOZA-ROSALES,

      Plaintiffs,

v.

CASTLE, STAWIARSKI, LLC,
MR. LAWRENCE E. CASTLE,

GOVERNENT TECHNOLOGY SYSTEMS (GTS),
ROBERT J. HOPP & ASSOCIATES LLC.,
MR. GARY GLENN,
ENTRAVISION/UNIVISION KCEC-TV,
CBS 4 NEWS KCNC-TV, and
DENVER DISTRICT ATTORNEY

    Defendants.

**ORDER ON PENDING MOTIONS AND FURTHERANCE OF CASE**

    This civil action was originally filed by America's Home Retention Services, Inc. and its president Alfonso Carillo on behalf of 166 Juan Doe Plaintiffs. (ECF No. 2.) The Complaint alleged, amongst other things, that Defendants engaged in fraud and racketeering in violation of federal law. (*Id*. at 23.)

    Shortly after the Complaint was filed, the Court issued an order addressing a number of the Complaint's deficiencies. (ECF No. 9.) The Court dismissed all claims brought by Alfonso Carrillo under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). (*Id*. at 5.) The Court also instructed all Juan Doe Plaintiffs that they either had to appear on their own behalf or hire an attorney to represent them. (*Id*. at 4.) Finally, the Court informed America's Home Retention Services that it needed to hire an attorney to participate in this action. (*Id*. at 3.)

    A number of formerly Juan Doe Plaintiffs have filed their appearances and are representing themselves in this action *pro se*. (ECF No. 12 & 22-48.) America's Home Retention Services and a number of these now-named Plaintiffs have requested additional time to find counsel. (ECF No. 21.) Because that Motion is currently before

Magistrate Judge Michael E. Hegarty, the Court will not discuss that request here. Rather, the purpose of this Order is to address a number of outstanding issues and to inform Plaintiffs of the steps they need to follow to get this litigation moving forward.

**A.     Issues Pertinent to All Plaintiffs**

As noted above, the original Complaint was filed on behalf of 166 Juan Doe Plaintiffs. (ECF No. 2.) The Court ordered that these Juan Doe Plaintiffs could not be represented by Mr. Carrillo because he is not a licensed attorney and that each Plaintiff either had to retain counsel to appear for them or they had to appear on their own behalf. (ECF No. 9.) To date, thirty Plaintiffs have appeared and are representing themselves *pro se*. This *pro se* representation presents a number of issues that the Court will address now.

    1.     <u>Lack of Proper Complaint</u>

The original Complaint named the Plaintiffs as Juan Does 1-166. (ECF No. 2.) Attached to the Complaint was a chart that listed each of the Juan Doe Plaintiffs along with an address of a property in which each of the Juan Doe Plaintiffs was asserting a property interest. (ECF No. 2 at 35-40.) Some of the Plaintiffs identified themselves as particular Juan Does and stated which property they are claiming an interest in; however, not all Plaintiffs have done so. The lack of this information makes it impossible for the Court to discern what each individual Plaintiff's interest is in this case. Moreover, it is unworkable to have identifying information contained in over thirty different documents. The Court will not cross-refer to the chart in the original Complaint

and the numbers by which the Plaintiffs have identified themselves in order to determine each Plaintiffs' interest in this case.

Instead, Plaintiffs need to file an amended complaint that meets the following requirements:

1. The Amended complaint must identify each individual Plaintiff who is asserting an interest in this litigation. *See* Fed. R. Civ. P. 10(a). The Court will not permit any Plaintiffs to proceed anonymously or be named as Jane, John, or Juan Doe Plaintiffs. *See M.M. v. Zavaras*, 139 F.3d 798, 802-03 (10th Cir. 1998) (a plaintiff should be allowed to proceed anonymously "only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.").

2. The Amended complaint must name as Defendants all persons and entities against whom Plaintiffs are asserting a claim. Fed. R. Civ. P. 10(a).

3. The Amended complaint must contain a short, plain statement setting forth each Plaintiffs' claims in this litigation. *See* Fed. R. Civ. P. 8(a)(2).

4. The Amended complaint must contain a short, plain statement establishing how this Court (as opposed to the Colorado state courts) has **federal jurisdiction** over each of Plaintiffs' claims. *See* Fed. R. Civ. P. 8(a)(1).

5. The Amended complaint must be signed by all Plaintiffs. *See* Fed. R. Civ. P. 11(a). While later filings and motions may be signed by only the Plaintiff(s) to

whom that particular filing is relevant, the Amended complaint must be signed by <u>all</u> Plaintiffs.

Because this action cannot proceed until the Court has before it an amended complaint that meets all of the requirements set forth above, Plaintiffs would be well served to focus their efforts on this task rather than seeking injunctive relief.

2.   <u>Service of the amended complaint</u>

Once a properly executed amended complaint has been filed with the Court, Plaintiffs must serve the amended complaint and a summons on all parties named as Defendants in accordance with the requirements set forth in Federal Rule of Civil Procedure 4.  It appears that Plaintiffs may believe that they do not have to serve the Defendants because, as a result of a prior case (1:12-cv-3), at least some of the Defendants are on notice of the claims asserted by Plaintiffs in this case.  Plaintiffs may also believe that service by e-mail on the attorneys that represented the parties in the prior litigation is sufficient.

Plaintiffs are mistaken.  Rule 4 requires that the complaint and a summons be served on each Defendant at the beginning of each civil action.  Because this is a separate case from 1:12-cv-3, Plaintiffs must serve each and every Defendant in a manner consistent with Rule 4.  Service by e-mail is not a proper form of service under Rule 4.  Additionally, the fact that some Defendants may have knowledge of the nature of Plaintiffs' claims does not matter.  Quite simply, nothing in this case can occur until all Defendants have been served with a copy of an amended complaint that meets the

requirements set forth above.

**B.      Documents Particular to Certain Plaintiffs**

The Court will now address two documents that were filed by three of the Plaintiffs.

    1.      <u>Jose Orozco's requests for injunctive relief</u>

On June 6, 2012, Jose Orozco entered an appearance on his own behalf and, in the same document, moved for injunctive relief against Defendants. Specifically, Mr. Orozco asked the Court to stop his eviction by the Adams County Sheriffs Department. (ECF No. 12.) The Court denied any request for a temporary restraining order and referred the request for injunctive relief to the Magistrate Judge. (ECF No. 13.) The Court informed Mr. Orozco that it could not grant any injunctive relief until after the adverse party (Defendants) had an opportunity to be heard on the request. (ECF No. 13 at 3.)

Mr. Orozco then filed a second Emergency Motion for Injunctive Relief again asking the Court to stop his eviction. (ECF No. 15.) The Court denied that request on the basis that it does not have jurisdiction over the Adams County Sheriff's Department because it is not named as a Defendant in the initial Complaint. (ECF No. 18.)

Presumably in response to this Order, Mr. Orozco filed a "Verified Amend to Complaint and Emergency Motion for Preliminary Injunctive Relief". (ECF No. 19.) Magistrate Judge Hegarty appropriately declined to construe this document as an amended complaint because it was labeled as a motion and did not contain a complete

statement of all of the claims brought by all of the Plaintiffs.  (ECF No. 50.)

Therefore, at this time, the only remaining motion filed by Mr. Orozco is his original request for injunctive relief.  (ECF No. 12.)  This request alleged that Mr. Orozco's eviction was imminent and asked the Court to stop it.  (*Id*.)  Because the motion was filed over a month ago, the Court questions whether the request is now moot.  If Mr. Orozco has already been evicted, the Court cannot now stop the eviction from occurring.

More significantly, however, is the fact that the Court *still* does not have before it a complaint naming the Adams County Sheriff's Department as a party to this action.  As set forth above, Plaintiffs must file an amended complaint that names all relevant parties and must serve that amended complaint on all Defendants before this action can proceed.  Rule 65 of the Federal Rules of Civil Procedure does not allow the Court to grant any injunctive relief before the adverse party (here the Adams County Sheriff Department) has had an opportunity to be heard.  Fed. R. Civ. P. 65(a)(1).

For the reasons set forth above, Plaintiff Jose Orozco's Verified Emergency Motion for Preliminary Injunctive Relief is DENIED WITHOUT PREJUDICE.

    2.    <u>Alvaro Nunez and Alfonso Carrillo's Amend to Complaint to Joint Additional Defendants [sic] Pursuant to F.R.C.P. Rule 19(a)(1)</u>

On June 29, 2012, Plaintiffs Alvaro Nunez and Alfonso Carrillo filed a document titled "Amend to Complaint to Joint Additional Defendants [sic] Pursuant to F. R. C. P. 19(a)(1)."  (ECF No. 51.)  This document states that Mr. Nunez and Mr. Carrillo wished to "amend this complaint to join Don Bartley, Yelena Makhaldiani and ESTATE

CONSTRUCTION INC. as Defendants." (*Id*. at 1.)  The remainder of the document appears to be a complaint that sets forth only the claims of Mr. Nunez and Mr. Carrillo regarding the residence at 2148 East 101st Way, Thornton, CO 80229.  (*Id.*)

There are a number of problems with this document.  Most significantly, this filing is not the proper way to amend a complaint.  The Court cannot allow the Plaintiffs to file multiple "amendments" that contain the claims of only one or two Plaintiffs.  A complaint must be a single, complete document that contains all of the allegations brought by all of the Plaintiffs against all of the Defendants.  A complaint cannot reference or rely on other prior pleadings.  The complaint must stand alone.

Plaintiffs are advised that an amended complaint replaces all prior pleadings.  Therefore, if the Court were to accept the document filed by Mr. Nunez and Mr. Carrillo as a pleading in this case, it would take the place of all previously-filed complaints.  That would mean that the only Plaintiffs in this case would be Mr. Nunez and Mr. Carrillo, the only Defendants would be Don Bartley, Yelena Makhaldiani, and Estate Construction, and the only property at issue would be 2148 East 101st Way in Thornton, Colorado.  Given the history of this litigation, the Court doubts that was Mr. Nunez and Mr. Carrillo's intent in filing this document.

Accordingly, the Amend to Complaint to Joint Additional Defendants [sic] Pursuant to F. R. C. P. Rule 19(a)(1) filed by Mr. Nunez and Mr. Carrillo on June 29, 2012 is STRICKEN.  Pursuant to Federal Rule of Civil Procedure 15, Plaintiffs are entitled to amend their complaint once without first obtaining the Court's permission to

do so.  After that, Plaintiffs may amend their complaint only with permission of the Court.  Therefore, Plaintiffs should carefully read this Order and follow its instructions before filing their amended complaint.

**C.     Conclusion**

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff Jose Orozco's Verified Emergency Motion for Preliminary Injunctive Relief (ECF No. 12) is DENIED WITHOUT PREJUDICE to refiling after an amended complaint that meets all of the requirements set forth in this Order has been filed and served on all Defendants; and

2. Plaintiffs Alvaro Nunez and Alfonso Carrillo's Amend Complaint to Joint Additional Defendant [sic] Pursuant to F. R. C. P. 19(a)(1) is STRICKEN.

Because the Court cannot allow this action to proceed until a properly filed amended complaint has been served on all Defendants, Plaintiffs should focus their efforts on filing and serving a proper complaint.  The Court will not act on any further request for injunctive relief until Plaintiffs file a complaint that meets all of the requirements set forth above.

Dated this 6th day of July, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge