IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01385-WJM-MEH

AGUSTIN TELLES,
ALFONSO CARRILLO,
ALVARO NUNEZ,
ANA L. CARRILLO-VENEGAS,
CANDELARIO MASCORRO,
CONSUELO SIMENTAL,
DANIEL OLIVAS,
ELVA TERESA MONGE,
GABRIELA VENEGAS,
GONZALO PEREZ,
JAIME RODRIGUEZ,
JESUS GABRIEL ALCANTAR,
JOSE OROZCO,
LEOPOLDO RAMIREZ,
LUIS FIGUEROA,
LUIS GUTIERREZ,
MARIA SARMIENTO,
MARIA DEL REFUGIO PASTRANA,
MARIA DEL ROSARIO URENA,
MARIA ELENA CARRILLO,
MARTHA ESQUIVEL GONZALEZ,
MARTHA VELIA DE MASCORRO,
NORA G. GONZALEZ,
RAMON P. CHAVEZ,
RAYMUNDO CASTILLO,
SELVIN J. CARDOZA-ROSALES,
SERGIO HERNANDEZ,
SERGIO SARMIENTO, and
SONIA LOPEZ,

    Plaintiffs,

v.

CASTLE, STAWIARSKI, LLC,
LAWRENCE E. CASTLE,
GOVERNMENT TECHNOLOGY SYSTEMS (GTS),
ROBERT J. HOPP & ASSOCIATES, LLC,
GARY GLENN,
ENTRAVISION/UNIVISION KCEC-TV,
CBS 4 NEWS KCNC-TV,
DENVER DISTRICT ATTORNEY, and
ROBERT J. HOPP,

Defendants.

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court on an Order to Show Cause as to why the Court should not recommend dismissal of this case due to the Plaintiffs' failure to effectuate service [docket #75]. The Plaintiffs' Response to the Order to Show Cause is inadequate. In light of Plaintiff's failure to timely serve any of the defendants, the Court RECOMMENDS **dismissal without prejudice**.[1]

The Court's July 18, 2013 Order to Show Cause stated:

> This matter comes before the Court *sua sponte* due to the failure of Plaintiffs to accomplish service within the deadline provided by Fed. R. Civ. P. 4(m). Plaintiffs initiated this action on May 29, 2012 [docket #2], and the 120-day deadline set forth in Rule 4(m) expired on September 26, 2012. As of this date, the Court's docket indicates that none of the Defendants named in the Complaint have been served. Accordingly, it is hereby ORDERED that **on or before July 31, 2013**, the Plaintiffs shall show cause in writing and filed with the Court, as to why the Court should not recommend dismissal of this case for failure to comply with Fed. R. Civ. P. 4(m).

(docket # 75.)

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Response, filed on August 1, 2013, requested a 21-day extension of time to "correct, expand and serve complaint, summons, notice of Legal Action and Waiver of Summons on to Denver." (docket # 80.) The Plaintiffs cite a number of reasons for the failure to serve, including the case's complexity, an arrest of one of the Plaintiffs (Alfonso Carrillo), and difficulties in obtaining counsel. These reasons are insufficient to explain a delay of over a year in serving the Defendants. Moreover, as of this date, the requested extended deadline expired over two months ago, and still none of the Defendants have been served.

Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure and Court orders that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Hawkinson v. Montoya*, 283 F. App'x 659, 662 n.2 (10th Cir. July 7, 2008) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

Rule 4(m) provides, in pertinent part:

If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

3

Because the defendants have not been served within 120 days after the complaint was filed, this Court must recommend dismissal without prejudice.

## **CONCLUSION**

Based on the foregoing, the Court RECOMMENDS this action be dismissed without prejudice for failure to serve within the Rule 4(m) period.

Dated at Denver, Colorado, this 1st day of November, 2013.

                                            BY THE COURT:

                                            Michael E. Hegarty
                                            United States Magistrate Judge